JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has determined that the issues presented no need for oral argument. See D.C.Cir. Rule 34(j).
Appellant pleaded guilty to conspiracy to commit bank fraud. On appeal, he argues the district court erred in sentencing him to a within-guidelines sentence of 46 months’ imprisonment. Appellant concedes “the sentencing court properly con *886 sidered the factor of sentencing disparity during Appellant’s sentence,” but argues “his sentence was nonetheless unreasonable because the sentencing court abused its discretion in determining that [18 U.S.C.] § 3553(a)(6) supported a sentence of 46 months imprisonment.”
On appeal, “a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness.” United States v. Brown, 516 F.3d 1047, 1050 (D.C.Cir.2008) (internal quotations omitted). Because we find no abuse of discretion even if we consider the co-conspirators sentenced after Appellant, we do not decide whether review for plain error would apply in this case. Section 3553(a)(6) requires a sentencing court to consider “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). Here, only one of Appellant’s cited co-conspirators had the same criminal history category (Category II) as Appellant, and that co-conspirator did not participate in the same number of fraudulent transactions as Appellant, did not plead guilty to the same crime, nor did she receive comparable remuneration. Each of the other cited co-conspirators had a lower criminal history category. None of the cited co-conspirators contributed as much to the conspiracy’s success, making Appellant’s conduct particularly blameworthy.
In any event, § 3553(a)(6) is only one factor that a sentencing court considers. See, e.g., United States v. Fernandez, 443 F.3d 19, 32 (2d Cir.2006) (noting that even if § 3553(a)(6) was applicable, “the requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is not synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case, inasmuch as it is only one of several factors that must be weighed and balanced by the sentencing judge”). Here, the district court expressed concern about “protecting the] community from Mr. Colwell in the future” and noted Appellant failed to “understand[] or acknowledge[ ]” the “seriousness of the offense.” The district court was required to balance all the 18 U.S.C. § 3553(a) factors. See Gall v. United States, — U.S. -, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Thus, even assuming § 3553(a)(6) might have counseled in favor of a lesser sentence, other factors, such as the need “to reflect the seriousness of the offense,” id. § 3553(a)(2)(A), the need to “afford adequate deterrence to criminal conduct,” id. § 3553(a)(2)(B), and the need to “protect the public from further crimes of the defendant,” id. § 3553(a)(2)(C), all supported a harsher sentence. We cannot say the court’s balancing of these factors was an abuse of discretion.
Appellant also argues the district court erred by withholding access to the co-conspirators’ pre-sentence reports. However, there is a “general presumption that courts will not grant third parties access to the presentence reports of other individuals,” United States v. Smith, 13 F.3d 860, 867 (5th Cir.1994), which presumption can be rebutted only by “a compelling demonstration that disclosure of the report is required to meet the ends of justice.” United States v. Charmer Indus., Inc., 711 F.2d 1164, 1175 (2d Cir. 1983). The sentencing transcripts and pre-sentencing memoranda gave Appellant access to the criminal history categories and offense levels of his co-conspirators. He also knew from the sentencing transcripts what information the district court deemed important. See 18 U.S.C. § 3553(c) (“[T]he court, at the time of sentencing, shall state in open court the rea *887 sons for its imposition of the particular sentence.”). The district court did not abuse its discretion by finding such materials to be sufficient.
It is ORDERED and ADJUDGED that the judgment of the district court be AFFIRMED. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. See D.C.Cir. Rule 36(b). The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.